10-66-cv
Calabro v. Aniqa Halal Live Poultry Corp.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2010

(Submitted: January 28, 2011    Decided: June 10, 2011)

Docket No. 10-66-cv

------------------------------------

VINCENT CALABRO,

Plaintiff-Appellee,

- v -

ANIQA HALAL LIVE POULTRY CORP.,

Defendant-Appellant.[*]

------------------------------------

Before:  SACK and LIVINGSTON, Circuit Judges, and MURTHA, Judge.[**]

Appeal from an order of remand to New York Supreme Court, Queens County, and an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) by the United States District Court for the Eastern District of New York (John Gleeson, Judge). Although we lack appellate jurisdiction to review the district court's order remanding this case to state court, we write to confirm that we do possess appellate jurisdiction to review the district court's award of attorney's fees and costs.  That review

---

[*] The Clerk of Court is directed to amend the official caption as set forth above.

[**] The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

is for abuse of discretion.  Applying these principles, we affirm.

Leo G. Bevolas, Law Office of Kenneth M. Mollins, P.C., Melville, New York, _for Plaintiff-Appellee_.

Janelle Laverne Niles, The Law Office of Janelle Niles, Esq., Brooklyn, New York, _for Defendant-Appellant_.

PER CURIAM:

Defendant Aniqa Halal Live Poultry Corp. ("Aniqa") appeals from an order of remand and award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) by the United States District Court for the Eastern District of New York (John Gleeson, _Judge_).  We rehearse the facts only insofar as we think it necessary to explain our resolution of the relatively narrow issue presented to us here.

**BACKGROUND**

Plaintiff Vincent Calabro initiated this lawsuit in New York Supreme Court, Queens County, in October 2009.  Calabro, a federal safety inspector employed by the United States Department of Agriculture ("USDA"), alleges that Aniqa used photographs of him for advertising purposes without his consent in violation of New York State Civil Rights Law §§ 50 and 51.  Aniqa answered and filed a third-party complaint naming Calabro and the USDA as third-party defendants and asserting claims against them under the False Claims Act, 31 U.S.C. § 3729 _et seq._, and the Poultry Products Inspection Act, 21 U.S.C. § 451 _et seq._

2

On November 9, 2009, Aniqa filed a notice of removal asserting federal subject-matter jurisdiction on the basis of its third-party claims, thereby removing this action to the United States District Court for the Eastern District of New York. On November 10, 2009, Calabro moved to remand the case to state court.

By memorandum and order of December 15, 2009, the district court (John Gleeson, <u>Judge</u>) granted that motion. Noting that Aniqa's removal of the case was premised on federal-question jurisdiction and that Calabro's complaint contained no federal claim, the district court determined that it lacked subject-matter jurisdiction over the case and therefore remanded the case back to state court. See <u>Calabro v. Aniqa Halal Live Poultry Corp.</u>, No. 09-cv-4859, 2009 WL 4893200, 2009 U.S. Dist. LEXIS 116660 (E.D.N.Y. Dec. 15, 2009). Because the district court further determined that Aniqa had "asserted no colorable bases for federal jurisdiction," <u>id.</u> at *3, 2009 U.S. Dist. LEXIS 116660, at *8, the court also imposed an award of attorney's fees and costs against Aniqa as permitted by 28 U.S.C. § 1447(c).[3] In a subsequent order, the district court set the amount of the award at $3,575.

---

[3] Section 1447(c) provides, in pertinent part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

**DISCUSSION**

Aniqa argues that the district court erred in remanding this case to state court. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Although the Supreme Court has interpreted section 1447(d) to "cover less than its words alone suggest," Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 229 (2007), it is well settled that section 1447(d) deprives federal courts of appeals of jurisdiction to review remand orders if the remand is based on a lack of subject-matter jurisdiction. See, e.g., Kircher v. Putnam Funds Trust, 547 U.S. 633, 640 (2006); Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28 (1995). Because the district court's decision to remand this case rested on its determination that it was without subject-matter jurisdiction, we lack appellate jurisdiction to review it. See, e.g., Price v. J & H Marsh & McLennan, Inc., 493 F.3d 55, 58-59 (2d Cir. 2007); In re WTC Disaster Site, 414 F.3d 352, 363-68 (2d Cir. 2005). To that extent, we must dismiss Aniqa's appeal.

We do, however, possess appellate jurisdiction to review the district court's award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). Although both the Supreme Court and our Court have assumed that such appellate jurisdiction exists, neither court has so concluded expressly. See, e.g., Martin v. Franklin Capital Corp., 546 U.S. 132, 134 (2005);

4

*Bryant v. Britt*, 420 F.3d 161, 163 (2d Cir. 2005) (per curiam); *Morgan Guar. Trust Co. of N.Y. v. Republic of Palau*, 971 F.2d 917, 923-25 (2d Cir. 1992).  Following the lead of at least seven of our sister circuits,[4] we do so today.

Aniqa contends that the district court abused its discretion in awarding attorney's fees and costs to Calabro.  We agree with Aniqa that our review of a district court's award of attorney's fees and costs under section 1447(c) is for abuse of discretion.  *See* *Bryant*, 420 F.3d at 163 n.2; *Morgan Guar. Trust Co. of N.Y.*, 971 F.2d at 924.  "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions."  *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (brackets, citations, and internal quotation marks omitted).

In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court instructed that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.* at 141.

---

[4] *See* *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008); *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000); *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1148 (9th Cir. 2000); *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005); *Legg v. Wyeth*, 428 F.3d 1317, 1319-20 (11th Cir. 2005).

Although district courts retain the discretion to depart from those rules in unusual circumstances, a court's "reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c)." Id. (internal quotation marks omitted); see also id. at 140 (discussing the purposes of section 1447(c)).

Applying those principles, we affirm the district court's award in this case. Under the well-pleaded-complaint rule, "federal question jurisdiction exists only if [a] plaintiff's statement of his own cause of action shows that it is based on federal law." Romano v. Kazacos, 609 F.3d 512, 518 (2d Cir. 2010) (internal quotation marks omitted). Moreover, it is well established that a defendant may not evade this rule by raising a federal question in its responsive pleadings and then attempting to remove on that basis. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831-32 (2002). The district court therefore did not abuse its discretion in determining that Aniqa's purported basis for removal -- i.e., that the presence of federal claims in its third-party complaint rendered the entire action removable under 28 U.S.C. § 1441(c) -- was objectively unreasonable.

Finally, we have been given no grounds upon which to conclude that the relatively modest size of the award of attorney's fees and costs was an abuse of discretion.[5]

_____

[5] Although our review of the record indicates that the amount of the award was $3,575, Aniqa asserts that it was $4,500.

We have considered the remainder of Aniqa's arguments on appeal and conclude that they are without merit or are not properly before us.  For the foregoing reasons, Aniqa's appeal is dismissed in part, and the district court's judgment awarding attorney's fees and costs is affirmed.

---

See Appellant's Br. at 5; Appellant's Reply Br. at 12.  Our conclusion would be the same if the amount of the award were indeed $4,500.