**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1474**

HOPEWELL HOUSING AUTHORITY,

             Plaintiff - Appellee,

        v.

XAVIER STOKES,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Robert E. Payne, Senior
District Judge.  (3:11-cv-00118-REP)

Submitted:  November 17, 2011      Decided:  November 22, 2011

Before KING, DAVIS, and WYNN, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

Xavier Stokes, Appellant Pro Se.   James J. Vergara, Jr., VERGARA
& ASSOCIATES, Hopewell, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xavier Stokes appeals the district court's order remanding this case to state court and granting Hopewell Housing Authority attorney fees and costs. We dismiss in part and affirm in part.

Generally, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d) (2006). The Supreme Court has instructed that "§ 1447(d) must be read in pari materia with [28 U.S.C.] § 1447(c) [(2006)], so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). Thus:

> § 1447(d) bars . . . review of a district court's remand order only if the order was issued under § 1447(c) and invoked the grounds specified therein, . . . either (1) that the district court granted a timely filed motion raising a defect in removal procedure or (2) that it noticed a lack of subject matter jurisdiction.

Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) (internal quotation marks, alterations and citations omitted). "Whether a district court's remand order is reviewable under § 1447(d) is not determined by whether the order explicitly cites § 1447(c) or not." Borneman v. United States, 213 F.3d 819, 824 (4th Cir. 2000).

2

In this case, the district court remanded the action because it lacked subject matter jurisdiction. Under the cited authorities, we are without jurisdiction to review the district court's decision to remand the case to state court, and we dismiss this portion of the appeal.

With regard to the district court's award of attorneys' fees and costs, we have reviewed the record and find no abuse of discretion. See Calabro v. Aniqa Halal Live Poultry Corp., 650 F.3d 163, 165-66 & n.2 (2d Cir. 2011) (stating standard of review and collecting cases holding that appellate court has jurisdiction to review order awarding fees and costs).

Accordingly, we affirm this portion of the order for the reasons stated by the district court. Hopewell Hous. Auth. v. Stokes, No. 3:11-cv-00118-REP (E.D. Va. Apr. 4, 2011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART