20-169-cv
*Wachovia Mortgage, FSB v. Toczek*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of January, two thousand twenty-one.

**PRESENT:**
> **AMALYA L. KEARSE,**
> **JOSEPH F. BIANCO,**
> **STEVEN J. MENASHI,**
> *Circuit Judges.*

---

**Wachovia Mortgage, FSB,**
**Wells Fargo Bank, N.A.,**

> *Plaintiffs-Appellees*,

> **v.**                                                                20-169

**Aleksandra Toczek,**

> *Defendant-Appellant,*

**Pawel Toczek, National City Bank,**

> *Defendants*.

---

**FOR PLAINTIFF-APPELLEE**
**WELLS FARGO BANK, N.A.:**                    David Michael Bizar,
                                              Seyfarth Shaw LLP, Boston,
                                              MA.


**FOR DEFENDANT-APPELLANT:**                  Aleksandra Toczek, pro se,
                                              Weston, CT.


Appeal from orders of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Appellant Aleksandra Toczek ("Toczek"), proceeding pro se, appeals the district court's order awarding costs under 28 U.S.C. § 1447(c) following an improper removal of a state court action to the district court.

Wells Fargo Bank, N.A. ("Wells Fargo")[1] sued Toczek's then-husband, Pawel Toczek, in Connecticut state court seeking foreclosure on a mortgage. After Toczek intervened in the action, Wells Fargo obtained a judgment of strict foreclosure against them regarding real property in which Toczek retained an interest following the Toczeks' divorce. Toczek, pro se, removed the foreclosure proceeding to federal court on the date on which she would lose her interest in the property if she failed to redeem the mortgage ("law day"). The district court granted Wells Fargo's expedited motion for remand, found that Toczek lacked a reasonable basis for removal, and ordered Plaintiff Wells Fargo to submit an application for the recovery of costs associated with the removal.

---

[1] On November 1, 2009, during the pendency of the state foreclosure action, Wachovia Mortgage, FSB changed its name to Wells Fargo Bank Southwest, N.A., which merged into and has been subsequently operated as part of Wells Fargo Bank, N.A.

Plaintiff submitted an application describing the work performed by attorneys David M. Bizar, Esq., and J. Patrick Kennedy, Esq., and by paralegal William Lugo ("the Application"), claiming a total of $15,471.40, for the costs of preparing the motion to remand. Toczek filed an opposition to the Application accusing the attorneys of copying and pasting their motion to remand from a previous one in another case and thus inflating their costs in bad faith. The attorneys filed a reply brief and requested an additional $2,695.40 for the costs of preparing that brief. Citing average rates for in-district attorneys and time required for similar filings, the court awarded $9,891.50 to Wells Fargo. Toczek moved for reconsideration, and the district court denied the motion. Toczek appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." We review the fee award for an abuse of discretion. *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (per curiam). This standard of review "is highly deferential to the district court," and "takes into account that the amount sought for attorney's fees is dependent on the unique facts of each case." *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999) (internal quotation marks omitted).

## I.     Award Amount

Generally, a district court determines attorneys' fees by "setting a reasonable hourly rate, taking account of all case-specific variables" and multiplying that rate by the number of hours expended. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 189 (2d Cir. 2008). "The reasonable hourly rate is the rate a

3

paying client would be willing to pay," assuming that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190. There is a rebuttable presumption "that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally." *Id.* at 191. Thus, in most cases, a reasonable hourly rate is comparable to prevailing rates for attorneys of similar skill, experience, and reputation in the local community. *See Blum v. Stenson*, 465 U.S. 886, 898–99 (1984). When adjusting it, courts consider, *inter alia*, each attorney's experience, reputation, and ability; the time, labor, and skill required; the novelty and complexity of the legal issues posed; and awards in similar cases. *Arbor Hill*, 522 F.3d at 186 n.3. A district court will be found to have abused its discretion in arriving at an award amount only "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Calabro*, 650 F.3d at 166 (internal quotation marks omitted).

Here, the district court did not abuse its discretion in awarding Wells Fargo 52% of the amount it requested for the attorneys' preparation and filing of the motion to remand. The district court first found that Toczek had no reasonable basis for removing the case and invited Wells Fargo to file an application for costs. Upon receipt of the application for 32.7 hours of attorney time and 16 hours of paralegal time, the district court observed that other recent in-district motions to remand required between 20 and 30 hours of work and reduced the billable time to 29.9 hours. Toczek argues that the district court should have reduced the time calculation further because the attorneys copied and pasted their motion from previous filings in cases like *U.S. Bank Trust, N.A. v. Walbert*, No. 3:17-cv-00991 (CSH), 2017 WL 4613192 (D. Conn. Oct. 16, 2017). But this

4

argument is meritless. This case has a long history spanning more than a decade which sets it apart from other cases like *Walbert* and, in any event, Toczek produced no evidence that the attorneys inaccurately reported the time they spent tailoring their previous filings to the complexities of this case. Moreover, the district court appropriately considered those previous filings when reducing awardable time for the paralegal's preparation of appearance and corporate disclosure forms.

As Toczek concedes, the district court similarly conducted a careful and case-specific analysis when calculating hourly rates. Proceeding from the sound premise that litigants should not be reimbursed "for hiring costly counsel for simple matters," the district court looked to other recent district court remands—including in *Walbert* (where Bizar's awarded hourly rate was $425)—and determined they "set the prevailing rate for experienced attorneys handling complex civil litigation at between $400 and $500 and the upper-limit for paralegals at $150." App'x at 202. Based on this information, the district court reduced Bizar's hourly rate from $551 to $425, Kennedy's from $420 to $250, and Lugo's from $195 to $140. Thus, the district court did not abuse its discretion when it awarded $8,106.50 for the motion to remand after reducing the hours expended and rates requested.

The district court also did not abuse its discretion in awarding fees for the attorneys' work in preparing their reply brief to Toczek's opposition to the Application. This is an award of "fees on fees"—that is, fees incurred as a part of attorney work undertaken in submitting or defending a fee application rather than fees incurred for attorney work undertaken to defend or prosecute the underlying action. *Lilly v. City of New York*, 934 F.3d 222, 235 (2d Cir. 2019). We have held that these fees are available under the fee shifting provision in 42 U.S.C. § 1988, *see Hines v. City*

5

*of Albany,* 862 F.3d 215, 223 (2d Cir. 2017), and the Supreme Court has acknowledged that fees on fees are allowed under the fee shifting provision in 28 U.S.C. § 2412(d), *see Comm'r, INS. v. Jean*, 496 U.S. 154, 161–62 (1990). We see no reason why these fees should not also be available under the fee shifting provision relevant to this case, 28 U.S.C. § 1447(c). *See Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("As a general matter, such motion costs should be granted whenever underlying costs are allowed." (internal quotation marks omitted)).

The district court carefully considered the specifics of the case when awarding attorneys' fees for the reply brief to Toczek's opposition to the Application. First, the district court noted that Toczek's accusation of bad faith warranted a response. While Toczek included filings from previous motions to remand like *Walbert* with her opposition, she offered no evidence to support her allegation that the attorneys misrepresented either their detailed, contemporaneous billing records or the figures contained in their sworn declarations that they submitted with the Application. Toczek now concedes that she "should not have used the word[s] 'bad faith'" to frame her argument regarding the attorneys' time calculations. Appellant's Br. at 30. Nevertheless, she maintains that the district court's consideration of the attorneys' past work product in reducing the total award, coupled with the fact that the attorneys spent a portion of their reply brief addressing her merits arguments, means that the district court wrongly awarded costs for the reply brief's preparation and filing. However, these arguments, even if accepted, would not show an abuse of discretion. The District of Connecticut Local Rules permit parties to file reply briefs. D. Conn. L. Civ. R. 7(d). Notwithstanding the district court's apparent agreement with Toczek that the award should account for the attorneys' use of prior filings, it did not abuse

6

its discretion when it held that Toczek's separate allegation of bad faith warranted a reply brief and relied on an in-district case to determine that its preparation and filing required 5.6 hours.

Finally, Toczek argues for the first time on appeal that the district court incorrectly calculated the attorney hours for J. Patrick Kennedy because the hours awarded in the district court's analysis are lower than the hours awarded in the district court's final tabulations chart. We disagree.[2] Wells Fargo sought a total of 19.7 hours for Kennedy's work in its initial application for fees, 17.9 for work composing the motions for remand and to expedite and 1.8 for miscellaneous work relating to those motions. In its analysis, the district court made only three reductions to those hours: (1) It chose to compensate 2.1 of the 17.9 hours expended by Kennedy composing the motions for remand and to expedite at the $140 hourly rate it used for paralegal work as opposed to the $250 hourly rate it used for Kennedy's legal work. These 2.1 hours reflected time Kennedy spent reviewing the district court chambers' practices in preparation for filing the motions. (2) It declined to award any compensation for 1.1 hours expended by Kennedy in connection with redacted communication-related time entries that the district court determined were too vague.[3] And (3) it reduced the hours expended on the corporate disclosure statement by 50%, which for Kennedy resulted in a reduction of .1 hours. Thus, removing the total of 3.3 hours

---

[2] Although Wells Fargo argues that Toczek waived this argument regarding any computational error by failing to raise it in her motion for reconsideration before the district court, we need not address that issue because we conclude that Toczek's argument fails on the merits. *See Pollara v. Seymour*, 344 F.3d 265, 268 (2d Cir. 2003) (appellate court can affirm on any grounds for which there is sufficient support in the record).

[3] Although the analysis in the district court opinion groups the denied hours in this category for attorneys Kennedy and Bizar as a total of 2.3 hours without a breakdown by attorney, we can easily discern from the time records (and the district court's tabulations chart) that 1.1 of those denied hours belong to Kennedy.

in reductions for Kennedy contained in the district court's analysis section, the total hours awarded for Kennedy at the $250 hourly rate is 16.4 hours out of the 19.7 hours, 15.8 hours for the work composing the motions and 0.6 hours for miscellaneous work relating to those motions. The tabulations chart at the end of the district court's opinion contains the identical number of hours awarded for Kennedy at that rate—namely, 16.4 out of 19.7 hours.

To the extent that Toczek believes that the reference in the district court's analysis to 14.7 hours for Kennedy's work on the motions for remand and to expedite conflicts with the 15.8 hours awarded in the tabulations chart, we find that argument unpersuasive. In referencing the 14.7 hours, the district court apparently not only included its 2.1-hour reduction for time Kennedy spent reviewing the district court chambers' practices but also its reduction of the 1.1 hours for the vague communications entry (15.8 hours minus 1.1 hours), while the chart reflects the reduction of 1.1 hours in a separate entry below the reference to 15.8 hours. Thus, although the hours are structured differently, the total hours in the analysis section and the tabulations chart for Kennedy are identical, and consistent with the reductions articulated by the district court. Any concern that the reference to 14.7 hours in the analysis section (as a subtotal) reflects some unarticulated, additional reduction in hours for Kennedy by the district court is further dispelled by the later reference in the analysis section to the total hours for the legal team as consisting of 38.2 hours for the notice of removal (including 29.9 hours by the legal team on the motions), which exactly matches the third column in the chart that contains the 15.8 hours for Kennedy. In short, Toczek has failed to demonstrate that the total number of hours awarded for Kennedy (as reflected in the tabulations chart) contains any computational error, or that such hours are unsupported by the

8

district court's analysis in exercising its discretion.  Accordingly, there is no basis to disturb that award.

In sum, the district court neither based its $9,891.50 total award "on an erroneous view of the law or on a clearly erroneous assessment of the evidence, [n]or rendered a decision that cannot be located within the range of permissible decisions."  *Calabro*, 650 F.3d at 166.  The district court, therefore, did not abuse its discretion when it awarded this reduced amount.

## II.     Motion for Reconsideration

We review denials of motions for reconsideration for abuse of discretion.  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).  Reconsideration motions are "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances."  *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).  Hence, reconsideration is generally denied unless the moving party "can point to controlling decisions or data that the court overlooked" and it is not warranted where the party seeks "solely to relitigate . . . issue[s] already decided."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Here, the district court properly denied reconsideration, concluding that it did not overlook Toczek's evidence and arguments when calculating the award amount.  Toczek argues that the district court's holding that she failed to submit evidence of inflated time calculations was clearly erroneous because she submitted the attorneys' previous remand motions with her opposition.

9

However, the district court considered the attorneys' previous in-district motions to remand when it reduced the award for their work. Thus, in moving for reconsideration, Toczek aimed "solely to relitigate . . . issue[s] already decided," *id.*, and fell far short of demonstrating "exceptional circumstances," *Ruotolo*, 514 F.3d at 191 (internal quotation marks omitted). Accordingly, the district court did not abuse its discretion in denying Toczek's motion for reconsideration.

We have considered Toczek's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10