23-7730-cv
*Munoz v. Rise Concrete LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

BONIFACIO MUNOZ,

> *Plaintiff-Appellee*,

v.                                                                23-7730-cv

RISE CONCRETE LLC,

> *Third-Party-Plaintiff-Appellant*,

JAMAICA BUILDERS LLC, 153 JAMAICA HOUSING DEVELOPMENT FUND CORPORATION, THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, NEW DESTINY HOUSING CORP, JAMAICA OWNER LLC, BFC PARTNERS LP, JAMAICA RETAIL OWNER LLC, SMJ DEVELOPMENT LLC, 153 JAMAICA DEVELOPER LLC, BFC PARTNERS DEVELOPMENT LLC, SMJ JAMAICA LLC, BFC ASSOCIATES LLC, CONCRETE SUPERSTRUCTURES INC.,

*Defendants*,

RISE DEVELOPMENT PARTNERS LLC,

*Defendant-Appellant*,

ARO CONSTRUCTION GROUP INC.,

*Third-Party-Defendant.*

---

FOR THIRD-PARTY-PLAINTIFF-APPELLANT AND DEFENDANT-APPELLANT: Michael J. Curtis, Kahana & Feld LLP, New York, New York; Thomas Darmody, Mintzer Sarowitz Zeris & Willis, PLLC, New York, New York.

FOR PLAINTIFF-APPELLEE: Noah Katz, Wingate, Russotti, Shapiro, Moses & Halperin, LLP, New York, New York; Vincent Chirico, Chirico Law PLLC, Brooklyn, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Orelia E. Merchant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Third-Party-Plaintiff-Appellant Rise Concrete LLC and Defendant-Appellant Rise Development Partners LLC appeal from the district court's order, entered on November 2, 2023, remanding this case to state court. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to dismiss for lack of appellate jurisdiction.

Plaintiff-Appellee Bonifacio Munoz initially brought this worker's injury suit in New York state court against Appellants and other defendants, asserting common law negligence and violations of various New York State Labor Law provisions. Appellants removed the suit to

federal court based solely on federal question jurisdiction, claiming that Munoz's alleged use of multiple aliases, as part of a "scheme to conceal his identity for the purpose of intentionally frustrating" discovery efforts, together with the state court's denial of Appellants' dismissal motion on that basis, "jeopardized" the Appellants' "Constitutional right to defend [themselves]." App'x at 11. The district court *sua sponte* ordered Appellants to show cause why this case should not be remanded because "a case may not be removed to federal court on the basis of a federal defense[.]" App'x at 3 (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983)). In response, Appellants argued that the complaint presents a substantial question of federal law because "the plaintiff's identity is an implicit element of every cause of action." *Id.* at 369. The district court rejected that argument, concluding that Appellants could "point to no substantial question of federal law in or arising from the plaintiff's complaint" because the "complaint is plainly a worker's injury suit premised on negligence and New York statutes." Special App'x at 1. Having determined that it possessed neither federal question nor diversity jurisdiction over the suit, the district court remanded it to state court. Appellants now appeal that remand order.

We lack appellate jurisdiction to review the district court's remand order. "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Section 1447(d) thus bars appellate review of a district court's order remanding a case "upon a ground that is colorably characterized as subject-matter jurisdiction." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007); *see Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 165 (2d Cir. 2011) (per curiam) ("[I]t is well settled that section 1447(d) deprives federal courts of appeals of jurisdiction to review remand orders if the remand is based on a lack of subject-matter jurisdiction."). The district court, in

3

concluding that it had neither federal question nor diversity jurisdiction over this case, ordered remand based on a lack of subject-matter jurisdiction. Therefore, Section 1447(d) precludes us from reviewing that decision.

Appellants contend that the remand order is nevertheless reviewable because Section 1447(d) also provides that "an order remanding a case to the State court from which it was removed pursuant to [28 U.S.C. §] 1442 or 1443 of this title shall be reviewable by appeal." 28 U.S.C. § 1447(d). However, in the Notice of Removal, Appellants relied solely on federal question jurisdiction under 28 U.S.C. § 1331—not Section 1442 or 1443—as the basis for removal. *See BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1538 (2021) ("To remove a case 'pursuant to' § 1442 or § 1443 . . . means that a defendant's notice of removal must assert the case is removable 'in accordance with or by reason of' one of those provisions."). Their sole reliance on Section 1331 is unsurprising given that this worker's injury suit plainly involves neither federal officers nor civil rights laws, which would provide a basis for removal under Sections 1442 and 1443, respectively. *See* 28 U.S.C. §§ 1442, 1443. Thus, Appellants did not allege and could not have "alleged the . . . necessary elements for removal" under those statutes. *Agyin v. Razmzan*, 986 F.3d 168, 181 (2d Cir. 2021) (internal quotation marks omitted). As a result, this case does not fall within Section 1447(d)'s narrow exception to its general jurisdictional bar on appellate review of remand orders.

*       *       *

We have considered Appellants' remaining arguments regarding jurisdiction and find them to be without merit. Accordingly, we **DISMISS** the appeal for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4