Kimm v. KCC Trading, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
          RICHARD C. WESLEY,
          SUSAN L. CARNEY,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
**MICHAEL S. KIMM,**
          <u>Appellant</u>,

          **-v.-**                                    **10-4880**

**KCC TRADING, INC., WON BOK CHOI, MISUK
CHOI, JIHAE CHOI,**
          <u>Defendants-Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          Michael S. Kimm, <u>pro</u> <u>se</u>,
                           Englewood, New Jersey.

**FOR APPELLEES:**          John K. Idouchi, Flushing, New
                           York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Baer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Michael Kimm, <u>pro se</u>, appeals from the dismissal of his complaint, for lack of subject matter jurisdiction, on the ground that he failed to satisfy the threshold amount-in-controversy requirement. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"In reviewing a district court's dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions <u>de novo</u>." <u>Maloney v. Soc. Sec. Admin.</u>, 517 F.3d 70, 74 (2d Cir. 2008) (per curiam).

To invoke diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). "This Court recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." <u>Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.</u>, 166 F.3d 59, 63 (2d Cir. 1999). To defeat this presumption, it "'must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" <u>Id.</u> (quoting <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938)).

Kimm, who alleged generally that this action involved an amount in controversy exceeding $75,000, sought to recover an unspecified unpaid balance as well as legal fees and costs incurred in this action. In opposition, the Appellees established that they owed an unpaid balance of only $45,957.75. The letter from the fee arbitration committee, which states only that the total fee Kimm charged exceeded $100,000, does not bear an inference as to the amount of the unpaid balance.

Attorneys' fees may be used to satisfy the amount in controversy only if they are recoverable as a matter of right pursuant to statute or contract. <u>Givens v. W.T. Grant Co.</u>, 457 F.2d 612, 614 (2d Cir. 1972), <u>vacated on other</u>

2

grounds, 409 U.S. 56 (1972); see also 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ."). The retainer agreement provides that Appellees must indemnify Kimm for costs incurred if they assert a "claim" against him. But Kimm is the plaintiff here.

Even if the indemnification provision applies, Kimm has not established the necessary amount in controversy. His bare statement that his costs exceed $30,000 provides no assurance that this estimate is made in good faith and "colorable for the purpose of conferring jurisdiction." See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co. of Chi., 93 F.3d 1064, 1070 (2d Cir. 1996).

Finding no merit in Kimm's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK