UNITED STATES DISTRICT COURT 
 DISTRICT OF CONNECTICUT 

KRISTEN RZASA, for herself and other 

similarly situated employees, 
 Plaintiff Civil No. 3:23-cv-0140 (JBA) 

 v. , June 7, 2023 

BJ’S RESTAURANTS, INC., and BJ’S 
RESTAUDRefAeNndTa OnPtsERATION COMPANY 

OR DER GRANTING .W ITH MODIFICATION PLAINTIFF’S MOTION TO REMAND AND FOR 
 ATTORNEY’S FEES 
 Plaintiff Kristen Rzasa, on behalf of herself and other similarly situated employees, 
moves to remand this case to Connecticut Superior Court [Doc. # 11] because Defendants 
BJ’s Restaurants, Inc., and BJ’s Restaurant Operation Company have failed to establish the 
requisite amount in controversy to support diversity jurisdiction. Plaintiff also moves for an 
award of attorney’s fees based on the improper removal, arguing that Defendants lacked an 
objectively reasonable basis for seeking removal under well-settled law and lacked factual 
basis for the removal. (Pl’s. Mem. [Doc. # 12] at 5-6.) Defendants claim that there is a 
plausible basis for their allegation that the amount in controversy is more than $75,000 and 
that even if the Court disagrees, their belief was objectively reasonable. (Defs.’ Mem. in Opp’n 
[ID. oc. #B 1a6c]k.)g Frooru tnhde reasons set forth below, the motion is GRANTED. 
 The underlying allegation in this case is that Defendants improperly took the tip 
credit against the wages of Plaintiff and all other servers and bartenders for every hour 
worked, violating Connecticut law by failing to record the amount claimed as a separate item 
in the wage record, failing to obtain signed weekly statements from their servers and 
bartenders, and assigning Plaintiff and other class members to non-service side work 
without segregating the two types of work. (Notice of Removal Exh. A, [Doc. # 1], Compl. ¶ 
1.) The state court complaint alleges that from August 14, 2019 to September 23, 2020, 
servers were improperly paid $6.38 per hour and $8.23 per hour for bartenderIsd .rather than 
the minimum wage, which was $10.10 per hour in Connecticut at the time. ( ¶¶ 17, 19; 
Second Declaration of Attorney Richard E. Hayber ¶ 5.) It also alleIgde. s that Plaintiff Rsaza 
worked for Defendant as a server from July 2019 to October 2019. ( ¶ 3.) 
 Defendants filed a notice of removal on February 3, 2023, stating that “upon 
information and belief, the matter in controversy exceeds the sum or value of $75,000, 
exclusive of interests and costs” as the Complaint purports to seek relief on behalf of a 
putative class “for alleged tip credit violations.” (Notice of Removal [Doc. # 1] ¶ 6.) Plaintiff’s 
counsel reached out to Defendant on February 3, 2023, to inform Defendant’s counsel that 
the amount in controversy must be satisfied as to the individual, rather than aggregated from 
the total class members, and requested that Defendants conSseeen t to remand. Upon receiving 
no response, three weeks later, Plaintiff moved to remand. ( Pl.’s Reply, Exhibits 1-5 [Doc. 
#I. 17-2]L.)e g al Standard 
 When a case is originally brought in state court, a party may remove “any civil action 
. . . of which the district courts of the United States have original jurisdiction” except “as 
otherwise expressly provided by Act of Congress.” 28 U.S.C. § 1441. The diversity statute 
confers federal court jurisdiction “where the matter in controversy exceeds the sum or value 
of $ 75,000.” 28 U.S.C. § 1332(a). “[A] defendant's notice of removal need include only a 
plausible allegation that the amount in controversy exceeds the jurisdictional threshold,” but 
“when plaintiff contests, or the court questions, the defendant's allegation,” then the 
defendant must submit “[e]vidence establishing” the amount in controversy “by a 
 Dart Cherokee Basin Operating Co., LLC v. Owens 
preponderance oDfa trht e evidence.” , 574 U.S. 
 1 
81, 89 (2014). thus confirms that when a motion to remand is brought, “[t]he party 
opposing a motion toD r.Bem. Satrnudc tbuereadrs P rtohde. , bInucr.d ve. nSa ovvf idshisowing that the requirements for 
removal are satisfied.” , No. 3:21-CV-388 (VAB), 2022 WL 
73486, at *1 (D. Conn. Jan. 7, 2022). “If the removing party cannot demonstrate federal 
jurisdiction by ‘competent proof,’ the removal waHs ililn v .e Drreoltra aInndt' l tMhea cdhiisnterricyt C cooruprt must 
remand the case to the court in which it was filed.” ., 386 F. 
Supp. 2d 427, 429 (S.D.N.Y.2005). 
 An order remanding the case “may require payment of just costs and any actual 
expenses, including attorney's fees, incurred as a result of removal.” 28 U.S.C. § 1447(c). 
“Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only 
wMharetrien tvh. eF rraenmkolivni nCga pp. aCrotyrp lacked an objectively reasonable basis for seeking removal.” 
 ., 546 U.S. 132, 141 (2005). A removal motion is “objectively 
Cuanlraebarsoo nv.a Abnleiq” aw Hhaelna li tL isveee Pkosu tlotr rye Cmoorpve on a basis contravened by “well established” law. 
 ., 650 F.3d 163, 166 (2d Cir. 2011). “The simplicity of 
the removal procedure can subject a plaintiff to unnecessary expense and harassment, and 
therefore a court may [also] award attorney'sIn fse.e Cso i.f o ift Sfitnadtes ao fd Peafe. vn.d Wanatt ehrafsie rldemoved a case 
to federal court for such improper reasons.” , 371 F. Supp. 
2d 146, 151 (D. Conn. 2005). While bad faith is relevant to the Court’s exercise of its 
discretion, it is not required to award costs and attorney’s fees; the test instead focuses on 
“overall fairnMesosr ggaivne Gnu tahrea nnatyt uTrreu sotf Cthoe. v c. aRseep, uthblei cc oirfc Puamlasutances of remand and the effect on 
tIhI.e parDtieissc.”u ssion , 971 F.2d 917, 923 (2d Cir. 1992). 

1 
 Unless otherwise indicated, internal citations, quotation marks, and other alterations are 
omitted throughout in text quoted from court decisions. 
 A. Jurisdiction 

 Defendants argue that they “reasonably believe” Plaintiff’s individual damages exceed 
the jurisdictional threshold because although the state court complaint is “notably silent 
regarding Plaintiff’s individual damages,” the complaint also alleges that Defendants owe 
“hundreds of thousands of dollars” of unpaid wages to Plaintiff and other putative class 
members during the class period. (Defs.’ Mem. at 2, 6.) Because Plaintiff seeks penalty 
damages of twice the unpaid amount of wages alleged, and Plaintiff’s counsel refused to 
stipulate that any attorney fee award would be less than $75,000 even if the complaint 
ultimately proceeded as a single plaintiff matter, Defendants contend that they asserted a 
“plausible alIlde.gation that the amount in controversy was at least the jurisdictional 
minimum.” ( ) 
 In assessing whether “the matter in controversy exceeds the sum or value of $ 
75,000,” “[t]heP inctloa imv. sB aonfk mOnuelt iCpoler p.p, laintiffs cannot be aggregated to satisfy [the] 
requirement.” No. 02 CIV.8477 NRB, 2003 WL 21297300, at *2 
(S.D.N.Y. June 4, 2003). Defendants’ counsel argCuoems psaorme ewhat disingenuouwsiltyh that their 
notice of removal does not mention aggregation. (Defs.’ Mem. at 2) (Notice of 
Removal ¶a s6 t)h(“e[ tC]ohme pamlaionutn ptu irnp coorntst rtoov seeresky rinel tiehfi so cna bseeh eaxlcf eoef das p$u7t5a,t0i0ve0 ,c elaxscslusive of interest 
and cost, . . .”) (emphasis 
added.) Instead, Defendants base their estimated calculation of damages for Plaintiff 
exceeding $75,000 on four things: the fact that Plaintiffs cumulatively seek “hundreds of 
thousands of dollars” with a penalty for twice the amount; the amount of the difference 
between the tip credit wage and Connecticut minimum wage Plaintiff was allegedly deprived 
of “over the span of four months in 2019”, the 10% annual interest on the sum of Plaintiff’s 
alleged unpaid wages for the 3.5 years predating the complaint, and her allegation that 
Plaintiff will seek “attorney’s fees and costs.” Plaintiff seeks to hold Defendants to account 
for failing to offer affidavits or payroll records which, as her former employer, Defendants 
have in their possession. (Pl.’s Reply at 1.) Plaintiff’s counsel calculates that the maximum 
that a server who worked 280 hours, or 40 hours a week for each week of the four months 
could earn would have been $3,869.60, (Second Declaration of Attorney Richard E. Hayber ¶ 
8), which even if doubled and augmented by 10% interest for 3.5 years would be nowhere 
near $75,000, even incluSedein g an award of reasonable fees and costs in this straightforward 
wage calculation case. ( Pl.’s Reply at 5.) 
 Thus, Plaintiff’s counsel’s declaration in reply demonstrates that the amount in 
controversy cannot exceed $ 75,000, and the Court lacks subject matter jurisdiction. The 
motion to remand is granted. The remainder of this opinion addresses whether Defendants’ 
initial removal motion had an “objectively reasonable basis” or whether an award of fees is 
warranBte. d. Attorney’s Fees 
 In Defendants’ view, their removal had an “objectively reasonable basis” because “the 
amount of damages Plaintiff conceivably sought was ambiguous, at best,” since she did not 
state a specific amount of damages that she sought as an individual. (Defs.’ Mem. at 11-12.) 
Defendants further argue that they have not “delayed the litigation, misled the court, or 
contradicted Plaintiff’s allegations,” making an award of fees unwarranted. (Defs.’ Mem. at 
13.) However, Defendants’ conclusory claim that they “reasonably believe[d]” that Plaintiff’s 
individual damages could exceed $75,000 based on the allegations in the complaint lacks an 
objectively reasonable basis. 
 First, the 10% annual interest on any unpaid wages that Defendant attributed to the 
amount in controversy is not counted towards the total because under the statute, the 
$75,000 is “exclusive of interest and costs,” 28 U.S.C. § 1332, and Defendants’ notice of 
removal repeats that same language in alleging an amount in controversy exceeding $75,000. 
See 

( Notice of Removal ¶ 6.) Attorney’s fees “may be used to satisfy the amount in 
cKoimntmro vv.e KrsCyC o Tnrlay difi nthg,e Iyn acre recoverable as a matter of right pursuant to statute or contract.” 
 ., 449 F. App'x 85, 85–86 (2d Cir. 2012). Conn. Gemn.a Syt at. § 31-68 
provides only for recovery of “costs and such reasnoonta ble attorney’s fees as be allowed 
by the court.” (emphasis added). The statute does make attorney’s fees recoverable “as a 
matter of right pursuant to statute,” and “where attorney's fees are awarded to a successful 
litigant only at the courts'ese dPiascgraentoio vn. , Rtuhbey fTeeu emsdaayy ,n Iontc .,be considered in determining the 
amount in controversy,” No. 3:16-CV-859(AWT), 2016 WL 
9804410, at *2 (D. Conn. Aug. 25, 2016) (holding that attorney’s fees under Conn. Gen. Stat. 
§ 31-68 cannot be considered towards the amount in controversy for purposes of federal 
diversity jurisdiction because they are discretionary). Even if attorney’s fees could be 
considered, fees cannot be aggregated any more than the claims, and so only the portion of 
the attorney’s fees attributaIbdl.e to a single plaintiff could be considered towards calculating 
 2 
the amount in controversy. 
 As for Plaintiff’s individual losses, Plaintiff claims that the ability to determine as a 
factual matter whether her estimated wage loss damages came close to the $75,000 limit has 
been with Defendants since the beginning of the litigation, as they had access to her 
employee hourly records as her employer. However, even giving Defendants every benefit 
of the doubt and assuming that such information was not readily ascertainable, their failure 
to engage in any basic calculations to reach a probable estimate of what Plaintiffs’ damages 
might be undermines their claim of objective reasonability. If Defendants had calculated that 
Plaintiff worked as a server making $6.38 for a stasnede ard forty hour work week during all 
four months of the period she claims damages for, ( Complaint ¶¶ 4, 18), that amounts to 

2 
 The complaint alleges a putative class of around 40; even assuming an attorney’s fee of 
$100,000, for example, Plaintiff would have only $2,500 of that amount attributed to her. 
a gross amount of $4,083.20. Although Defendants maintain that discovery will be necessary 
to assess the actual wages paid to Plaintiff, they fail to explain how such discovery would 
bridge the gap or what multipler could be applied to get to a plausible claim of $75,000 or 
more in damages. 
 Finally, Defendants’ theory that the amount in controversy for a single plaintiff can be 
ePsintitmo,a ted from the aggregated amount sought by the class is the same theory rejected in 
 where the court found that defendants failed to establish diversity jurisdiction where 
the class representative was seeking $100 million for himself and the class members, as well 
as punitive and treble damapgaerst ibceuclaaruse the defendant could point to no factual orP liengtoal basis 
for asserting that any one plaintiff had a claim in excess of $75,000. , 2003 
WL 21297300 at *2. Here, even if the total amount of money the putative class seeks might 
be twice several hundred thousand dollars, there is no evidence whatsoever from the face of 
the complaint suggesting that Plaintiff Rzasa or any other class member is seeking to recover 
 3 
any amount equal to or above what the statute provides. 
 In sum, Defendants “have presented noP cionltoor, able basis upon which to conclude that 
[Plaintiff has] claims in excess of $75,000.” 2003 WL 21297300 at *2. The legal 
concepts articulated above Saeree Innso. Ct on. oofv Setla, ten oorf Pdai. svp. uWteadte, rfaienldd , provide no objectively 
reasonable basis for removal. 371 F. Supp. 2d 146, 151 
(D. Conn. 2005) (granting attorney’s fees where the notice of removal was filed “without any 
reasonable b asseies aflosro Sbhealimevoiunng vt. hPee earlmesosu Inmt pionr tecrosn, tIrnocv., ersy at that time approached 
$75,000.00”); No. 03 CV 1227(NG), 2003 WL 
21781954 at *4 (E.D.N.Y.2003) (finding that attorney’s fees were warranted where the 

3 
 Defendants’ representation that Plaintiff does not dispute that her individual claims are 
worth more than $75,000 is corrected in her reply, which estimates her damages as being 
around $4,000. 
applicable case law made it clear that removal was improper). Defendants’ filing of the 
removal and remand opposition has resulted in delay, and is particularly inexcusable where 
Plaintiff’s counsel notified Defendants before filing the remand motion why he believed there 
were no grounds for removal, and continued to bring DefendSaene ts’ attention to the legal 
deficiencies in their position throughout the briefing process. ( Pl.’s Reply at 8; Pl.’s Exh. 
1.) As such, an award of attorney’s fees is warranted. 
 The “starting point” for determining the amount of attorney's fees is the calculation 
of the “lodestar,” which is “the producMt oilfle aa vre. Maseotnroa-bNle. Rh. oCuor.,ly rate and the reasonable 
number of hours required by the case.” 658 F.3d 154, 166 (2d Cir. 
2011). Both the Supreme Court Saened Atrhbeo rS eHciolln dC oCnicrecruniet dh aCviteiz henesld N tehiagth bthoerh looodde sAtsasro cis. va. 
“Cpnrteys. uomf Apltbivaenlyy reasonable fee.” Perdue v. Kenny A. ex rel. Winn
 , 522 F.3d 182, 183 (2d Cir. 2008); , 559 U.S. 
542, 553–54 (2010). “To calculate the presumptively reasonable fee, a court must first 
determine a reasonable hourly rate for the legal services performed. The next step is to 
determine the reasonableness of the hours expended by counsel. The number of hours spent 
oOnri sak laa wCsourpit. avr.e G caorndseind eCraerde u Cntrre.,a Isnocnable if they are excessive, redundant, or unnecessary.” 
 ., No. 20-CV-6291-NGG-SJB, 2022 WL 2834940, at *3 
(E.D.N.Y. July 20, 2022). 
 The hourly rates of the attorneys who worked on the motion and reply are listed in a 
chart submitted by Plaintiff’s counsel, with the hourly rate of Attorney Richard Hayber listed 
as $500.00, the hourly rate of Attorney Michael Petela as $ 400.00, the hourly rate of Attorney 
Thomas J. Durkin as 300.00, and the hourly rate of paralegal Karen Dixon as $125.00. (Second 
Declaration of Richard Hayber [Doc. # 17-1] ¶ 34-35.) In light of the Court’s experience with 
attorney hourly rates in this District, these rates are reasonable. The total hours claimed to 
have been spent on the original remand motion were 5.5, (Pl.’s Mem. at 7,) and the total hours 
on the reply were 14.6, (Declaration of Richard Hayber [Doc. # 17-1]) for a total of 20.1 
hours. Plaintiff’s initial motion requested attorney’s fees in the amount of $2,112.50; the 
attached declaration by Attorney Hayber affirmed that Attorney Petela spent 4.5 hours 
drafting the motion, Attorney Hayber spent .5 hours reviewing it and preparing it for filing, 
and his paralegal spent .5 hours proof reading and filing the motion. (Pl.’s Mem. at 7); 
(Declaration of Richard Hayber [Doc. # 12-1] ¶ 10.) Attorney Hayber has submitted another 
declaration with the reply briefing affirming that time entries are made contemporaneously 
and are accurate to the tenth of an hour, and submits that Attorney Hayber spent 8.3 
additional hours on the motion, Attorney Petela spent 1.2 hours additional hours on the 
reply, Attorney Thomas J. Durkin spent an additional 3.8 hours on the reply, and paralegal 
Karen Dixon spent an additional 1.3 hours on the reply, bringing the total to $7,932.50 for 
both the motion and reply. (Second Declaration of Richard Hayber ¶¶ 34-35.) 
 One of Plaintiff’s elements to prove reasonableness is a well-known requirement that 
the fee application be supported by “contemporaneous records” that describe with 
Mspaerciiofnic iSt.y M “fioshr keianc hL .a Ottfof.r vn.e Lyo, pthaelo date, the hours expended, and the nature of the work done.” 
 , 767 F.3d 144, 148 (2d Cir. 2014) (citation omitted). The 
Second Declaration of Richard Hayber does not break down the chart by specific tasks billed 
by each attorney as “additional hours” and thus the Court cannot determine whether any of 
those hours are “excessive, redundant, or unnecessary.” Plaintiff’s lead counsel is an 
experienced employment attorney who should be well aware of the requirement for such 
specificity and detail in fee applications. However, in lieu of denying the fee application in its 
entirety or requiring further submission of records, the Court “exercise[s] its discretion and 
use[s] a percentage deduction” as a means of accounting for any excessive, duplicative or 
unnecessary work and reducIeds. the fee award by 15%, deducting $1,189.88 and awarding 
Plaintiff’s counsel $6,742.62. at 150. 
III. Conclusion 

 For the reasons set forth above, Plaintiff’s motion to remand and for attorney’s fees 
[Doc. # 11] is GRANTED with modification, and Defendants’ counsel shall pay to Plaintiff’s 
counsel attorney’s fees of $6,742.62. 
 The Clerk is directed to remand this case to the Connecticut Superior Court for the 
Judicial District of Hartford. 

 IT IS SO ORDERED. 

 _______________/s/_____________________________ 

 Janet Bond Arterton, U.S.D.J. 

 Dated at New Haven, Connecticut this 7th day of June, 2023